GUY T. JOHNSON, Appellant, v. J. W. TURNER IMPROVEMENT COMPANY, Appellee.

NEGLIGENCE:  Proximate Cause—Absence of Causal Connection. No causal connection between negligence proven and injury received, no liability on the part of defendant.

*Appeal from Polk District Court.*—LAWRENCE DeGRAFF,
Judge.

MONDAY, MARCH 12, 1917.

ACTION for damages for personal injuries sustained by
the plaintiff while working for the defendant in a manhole.
The injury resulted from the partial falling of a bucket of
cement. At the close of plaintiff's evidence, there was a di-
rected verdict for the defendant. The plaintiff appeals.—
*Affirmed.*

*Chester J. Eller* and *C. N. Pickler*, for appellant.

*Stipp, Perry, Bannister & Starzinger*, for appellee.

EVANS, J.—The plaintiff was engaged
as an employee of the defendant at the bot-
tom of a manhole about 15 feet deep, wall-
ing up the same. He was assisted by two
helpers at the top of the ground, one of whom was engaged
in letting down the bricks for the plaintiff's use, and the
other in letting down the cement. For that purpose, each
of them used a bucket, to which was attached a hook and
rope. The manhole was lined with boards which extended
from the bottom of the manhole upward 2 or 3 feet above
the surface of the ground. Barney was the employee en-
gaged in letting down the cement. The manner of doing
the work was that he let down each bucket of cement by
means of a rope, letting the rope pass through his hands as
the bucket proceeded to the bottom. While so working, in
one instance the weight of the bucket pulled the rope
through his hands quite rapidly, whereby the plaintiff was
struck upon the back and sustained injury thereby.

That there was negligence on the part of somebody
may be assumed. The plaintiff, however, was confronted
with the necessity of showing the negligence of the employ-
er, as distinguished from the mere negligence of a fellow
servant. With that in view, the plaintiff specified two

*Marginal note:* NEGLIGENCE: proximate cause: absence of causal connection.

grounds of negligence of the employer:   (1) That the rope used by Barney was old and frayed, and that such condition was the cause of its slipping through Barney's hands; (2) that the boards which lined the manhole extended upward too high above the surface of the ground, and thereby made the work of Barney more difficult and dangerous.

The lining of the manhole was intended as a protection against caving.  The curbing or shoring above the surface had also its manifest use as a protection against the rolling of objects from the surface.  The only eyewitnesses to the accident were Barney and Joe Van Nordstrand, a boy 10 years of age.  Before the trial, Barney had left the neighborhood, and was not available as a witness.  The boy witness testified for the plaintiff as follows:

"Am 10 years old.  I was looking right down into the manhole.  I was looking over the boards.  The boards were about 2 feet above the ground; came a little above my waist. When I went up there, the man was just starting to lower the bucket of mortar down.  It was a tin bucket.  It had a long rope fastened to the handle.  I noticed him when he lifted it over the boards to lower it down.  I had been watching that before the accident occurred about 15 minutes; had been leaning over there all that time.  The man in there had laid 4 or 5 courses of brick.  The other man had lowered one bucket of mortar.  The manhole was 4 or 5 feet across.  He lifted it over the boards and started to lower it down and it slipped out of his hands.  The bucket hit the man's back.  The bucket was about half way down when it slipped out of his hands.  Mr. Johnston was about 12 feet below me.  The rope didn't break, nor did it come unhooked from the bucket.  The rope slipped out of the man's hands.  The boards were about the same height all around; they came up just a little above my waist.  The ropes were about 20 feet long.  There were no knots in the rope—I noticed that.  The rope that slipped looked just

like the other rope. I didn't see anything peculiar about that rope." .

As bearing upon the first ground of negligence above stated, it is not claimed that the rope broke. It is claimed that, for a distance of 2 or 3 feet at the end of the rope next to the hook, it was old and frayed, and that this condition made it more difficult for Barney to hold it, and that it thereby slipped through his hands. This is a mere claim, with nothing tangible in its support. According to the testimony of the boy, the only eyewitness, the slipping began when the bucket was halfway down. The frayed part of the rope, therefore, was not in the hands of Barney at that time, and it could not have been the cause of the slipping. We think it very clear, therefore, that it cannot be said upon the evidence in the record that the alleged frayed condition of the rope had any causal relation to the accident.

Nor do we see any way of connecting the other alleged ground of negligence as a cause of the accident. The curbing or shoring was 2 or 3 feet high; whether it should be greater or less was a mere detail. It undoubtedly acted as a continued protection to the plaintiff at the bottom against the falling in of heavy material. That the height of the shoring rendered it necessary for Barney to lift the bucket of cement a corresponding height, goes without saying. Concededly, increasing height would increase the lift, and in that sense would make the work of Barney more laborious. But such fact did not imperil the safety of the plaintiff. It is argued, however, that the existence of this shoring as an obstruction interfered with Barney's control of his load; that, if the boards had been cut off level with the top of the ground, Barney could then have stood over the hole in such a way as to hold his load more strongly; in other words, that the presence of the obstruction compelled Barney to hold his load somewhat at arm's length.

But this is a mere detail of method in doing work. Such a condition as now advocated by plaintiff would create its own imminent dangers, both for plaintiff and for Barney. Barney was not required to undertake a heavier load than he could lift and control over the curbing. The curbing itself furnished him a bracing support, and a chance to use friction to prevent the slipping of the rope. He did stop the slipping of the rope after once losing control thereof. The blow received by the plaintiff was greatly reduced in force thereby. We see no basis in the evidence for a finding that the height of this curbing sustained any causal relation to the accident. If a jury had reached the conclusion contended for by the plaintiff, it would have been purely arbitrary, and without support in the testimony.

We think, therefore, that the trial court properly directed a verdict. The accident was not the result of any negligence specified in the petition. Beyond that we have no occasion to look. The judgment of the trial court is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.